J-S67022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEVILAYSHA MAY HOOVER | |
| Appellant | No. 1035 MDA 2015 |

Appeal from the PCRA Order May 29, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002716-2008

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 19, 2016**

Appellant, Levilaysha May Hoover, appeals *pro se* from the order entered on May 29, 2015, in the Court of Common Pleas of Berks County, which denied her third petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely.  We affirm.

Following a jury trial, Hoover was found guilty of attempt to commit first-degree murder, possession of an instrument of crime, two counts of aggravated assault, two counts of simple assault, and two counts of conspiracy to commit simple assault.  On July 2, 2009, Hoover was sentenced to an aggregate term of ten to twenty years' imprisonment,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

followed by five years' probation. Hoover did not file a post-sentence motion. This Court affirmed the judgment of sentence on September 28, 2010. Hoover's judgment of sentence became final on October 28, 2010, thirty days after this Court affirmed her judgment of sentence and the time for filing a petition for allowance of appeal expired. *See* 42 Pa.C.S.A. § 9545(b)(3).

Thereafter, Hoover filed a timely PCRA petition. Following a hearing, the PCRA court denied relief on May 15, 2013. This Court affirmed the dismissal of her petition. On October 31, 2014, Hoover and her co-defendant together filed an untimely *pro se* PCRA petition. The PCRA court subsequently dismissed the petition without prejudice, noting that the PCRA does not contemplate joint filings by co-defendants.

On January 20, 2015,[2] Hoover filed yet another *pro se* PCRA petition, her third PCRA petition to date. The PCRA court dismissed Hoover's petition as untimely, after providing Rule 907 notice. This timely appeal followed.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the

_____

[2] Hoover's PCRA petition was time-stamped on March 3, 2015. However, under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date…[she] delivers it to prison authorities for mailing." *Commonwealth v. Chambers*, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted). In this case, the certified record contains the envelope in which Hoover mailed her PCRA petition, which bears a postmark date of January 20, 2015. As a result, we treat January 20, 2015 as the filing date.

PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa. Super. 2013) (citation and internal quotation marks omitted).

In the instant case, we need not address the substance of Hoover's appeal because her PCRA petition was untimely. "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." ***Commonwealth v. Flanagan***, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). A petitioner must file a PCRA petition within one year of the date that the judgment becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review. ***See*** 42 Pa.C.S.A. § 9545(b)(3). There are three statutory exceptions to the PCRA's timeliness provisions that allow for very limited circumstances under which the late filing of a petition will be excused. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Here, Hoover's judgment of sentence became final on October 28, 2010. Thus, her third PCRA petition, filed over four years later on January 20, 2015, is patently untimely. Hoover failed to plead and prove that an exception to the timeliness requirements of the PCRA applies. For instance,

in her petition, Hoover alleges several counts of ineffective assistance of counsel. *See* Amended PCRA Petition, filed January 20, 2015, at ¶¶ 5, 10, 19. However, "a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000) (citations omitted). The remainder of her petition is merely a summary of the case's procedural history and a rehashing of issues that are waived. *See* 42 Pa.C.S.A. § 9544(b) ("[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Hoover has filed a patently untimely PCRA petition that does not come within any of the exceptions to the time bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Accordingly, neither the lower court nor this Court has jurisdiction to consider her request for relief. *See* 42 Pa.C.S.A. § 9545(b)(1).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2016

- 4 -